**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT**

| | | |
|---|---|---|
| **DAVID PIERCE,** | : | |
| | : | CASE NO. 2:20-cv-5365 |
| Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| **EVOLUTION HEALTH, LLC,** | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

**I.     PRELIMINARY STATEMENT**

Plaintiff, David Pierce ("Plaintiff" or "Pierce"), brings this action to recover unpaid overtime wages and other damages from against Defendant, Evolution Health, LLC ("Defendant" or "Evolution"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, pursuant to Ohio's Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03 and 4111.10; and pursuant to the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as the "Ohio Acts").

The following allegations are based on personal knowledge as to Plaintiff's own conduct.

**II.    JURISDICTION & VENUE**

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

2. This Court has supplemental jurisdiction over the Ohio Acts claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant because the cause of action arose within this District as a result of Defendant's conduct within this District and because Defendant does business within this District.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant conducts substantial business in the Southern District of Ohio

### III. THE PARTIES

**A. Named Plaintiff**

5. Pierce is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

6. Pierce was employed by Defendant beginning in or around December 2018 until approximately October 2020.

7. Pierce was employed as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts. Specifically, Pierce was employed as an hourly occupational therapist at Defendant's facility Gem City Home Care, LLC ("Gem City"), and Pierce provided occupational therapy services to Defendant's clients in their homes. During his employment, Pierce worked at least forty or more hours in given workweeks.

8. Plaintiff brings this action individually and he has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**B. Defendant**

9. Defendant is a foreign limited liability company that operates and conducts substantial business activities in the Southern District of Ohio. Defendant provides quality home health care, hospice, and infusion therapy services through various brands throughout the nation.[1] Defendant employed Plaintiff as an occupational therapist to provide home health care and therapy services to its clients.

10. At all relevant times, Defendant has had direct or indirect control and authority over Plaintiff's working conditions. At all relevant times, Defendant exercised that authority and control over Plaintiff.

11. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Plaintiff. At all relevant times, Defendant exercised that authority and control over Plaintiff.

12. At all relevant times, Defendant has had the authority to hire and fire Plaintiff, supervise and control Plaintiff's work schedule and work conditions, determine Plaintiff's rate and method of pay, and/or maintain Plaintiff's employee records.

13. At all relevant times, Defendant suffered or permitted Plaintiff to work. The work that Plaintiff performed was for Defendant's benefit.

14. Although Defendant may have registered numerous other "entities", those entities constitute an enterprise and are generally referred individually as an "Evolution Health Company." Defendant maintains interrelated operations, centralized control of labor relations, common management and common ownership and financial control over these entities.

---

[1] *See* https://www.evolution.net/ (last viewed 10/6/20).

15. Defendant operates as an "employer" for the purposes of the FLSA and the Ohio Acts. Defendant is a single integrated enterprise and/or a joint employer of Plaintiff.

16. At all times relevant, Defendant was an employer of Plaintiff as defined in the FLSA and the Ohio Acts.

17. Defendant operates and controls and enterprises and employs home health employees, including occupational therapists, engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

18. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

**IV.   FACTS**

19. Plaintiff is either a non-exempt employee or he is otherwise not compensated on a salary or fee basis, and thus, he is entitled to overtime.

20. Plaintiff was employed by Defendant as an occupational therapist from approximately December 2018 to October 2020 in Columbus, Ohio.

21. Plaintiff was hired and employed by Defendant as an occupational therapist entitled to overtime pay. Plaintiff was informed that he was entitled to overtime in his offer letter that he signed and accepted.

22. Defendant classified Plaintiff as non-exempt and hourly upon the commencement of his employment.

23. In or around February 2020, Defendant purportedly changed Plaintiff's status to salaried, exempt with an annual salary of $135,200.00. However, Plaintiff was never paid a salary of $135,200.00, and instead, Defendant purported to pay Plaintiff per visit.

24. In reality, Defendant compensated Plaintiff on a hybrid basis at all times. Plaintiff's compensation generally included 1) per-visit fees that were determined by the type of visit; and 2) hourly payments made for certain tasks which were based upon the duration of those tasks.

25. Regarding per-visit flat fees, Defendant paid Plaintiff, for example, a flat fee for routine visits to a client's home. However, the flat fee was subject to increase if Plaintiff's visit lasted longer than usual or if the distance to the visit was farther than normal.

26. Regarding hourly payments, Defendant paid Plaintiff, for example, on an hourly basis for non-visit time, such as time spent attending meetings or completing required trainings.

27. During relevant times, Plaintiff worked in excess of forty (40) hours per week. These work hours included, *inter alia*, time spent calling clients and scheduling visits, time spent in clients' houses, time spent traveling between clients, time spent completing paperwork and charting patient visits and discharges, time spent in meetings, and time spent completing required trainings. Much of the time associated with these tasks was not recorded or otherwise visible on the paychecks Defendant issued to Plaintiff.

28. Defendant had a policy and/or practice of not paying its home health employees, including occupational therapists such as Plaintiff, for all travel time, time spent charting patient visits or discharges, and time spent calling and coordinating patient visits.

29. Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

30. Defendant's failure to compensate Plaintiff as set forth above resulted in unpaid overtime.

31. At all times relevant herein, Plaintiff was an employee as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

32. Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

33. During relevant times, Defendant suffered or permitted Plaintiff to work more than forty (40) hours per workweek, while not compensating him for all such hours worked over forty (40) at a rate of at least one and one-half times his regular rate of pay.

34. By failing to pay Plaintiff an overtime premium of one and one-half times his regular rate of pay for all hours worked over forty (40) in a workweek as required by the Sixth Circuit in *Elwell*,[2] Defendant has violated applicable FLSA provisions.

35. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the federal and state wage and hour laws.

36. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

37. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

---

[2] *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832 (6th Cir. 2002)

**V.     CAUSES OF ACTION**

**COUNT ONE**
**(FLSA Overtime Violations)**

38.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39.     Plaintiff brings this claim for violation of the FLSA's overtime provisions pursuant to 29 U.S.C. § 216(b).

40.     The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

41.     Plaintiff should have been paid overtime compensation at the rate of one-half times his "regular rate" for all hours worked in excess of 40 hours per workweek.

42.     Instead, Defendant paid Plaintiff in part on a per-visit basis and in part on an hourly basis even though he worked in a non-exempt position.

43.     Plaintiff regularly worked in excess of 40 hours in workweeks or would have worked in excess of 40 hours in workweeks if all of his compensable time worked was recorded and compensated.

44.     Defendant violated the FLSA by failing to pay Plaintiff overtime for all hours worked over forty (40) hours in a workweek as more fully described herein.

45.     By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

46.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff is entitled.

47. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not otherwise kept by Defendant.

48. As a result of Defendant's violations of the FLSA, Plaintiff was injured in that he did not receive overtime compensation due to him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles him to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. This claim is brought under the Ohio Wage Act.

51. Plaintiff has been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

52. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

53. Plaintiff worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid overtime wages for all of such time spent working.

54. Defendant's companywide policy and/or practice of not paying Plaintiff for all hours worked over forty (40) hours in a workweek, as more fully described herein, resulted in unpaid overtime.

55. Plaintiff was not exempt from the wage protections of the Ohio Wage Act.

56. Defendant's repeated and knowing failures to pay overtime wages to Plaintiff were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff was entitled.

57. For Defendant's violations of R.C. §4111.03, by which has suffered and continues to suffer damages, Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT THREE
## (OPPA Violations)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Plaintiff has been employed by Defendant.

60. During all relevant times, Defendant was an entity covered by the OPPA, and Plaintiff has been employed by Defendant within the meaning of the OPPA.

61. The OPPA requires that the Defendant timely pay all of Plaintiff's wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

62. During relevant times, Plaintiff was not paid all wages, including, but not limited to, minimum wages and overtime wages at one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

63. Plaintiff's unpaid wages and unpaid overtime remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

64. In violating the OPPA, Defendant acted willfully, jointly, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT FOUR
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

67. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

68. Plaintiff was a covered employee entitled to the protection of the Ohio Wage Act.

69. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek.

70. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions

**VI. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant as follows:

a. For an Order awarding Plaintiff back wages that have been improperly withheld;

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back minimum wages and overtime wages due to Plaintiff, for liquidated damages equal in amount to the unpaid compensation found due to, and for attorneys' fees and costs;

c. For an Order pursuant to the Ohio Wage Act awarding Plaintiff unpaid overtime wages allowed by law;

d. For an Order against Defendant for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to the Plaintiff during the applicable statutory period;

e. For an Order finding Defendant failed to keep accurate records in accordance with the Ohio Wage Act, and as such, Plaintiff is entitled to prove his hours worked with reasonable estimates;

f. For an Order awarding the costs and expenses of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964

Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com

*Attorneys for Plaintiff*

# JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman